Read, Judge.
The ground upon which the interference of a court of equity is invoked, is, that the mischief to complainants’ property is irreparable, and that actions at law furnish no adequate relief.
Whilst this is an admitted ground of equity jurisdiction, courts of chancery will carefully abstain from interference, where the injury will support an action at law, unless the party seeking such aid brings himself within the clearest principle of equitable relief. But if it be necessary to prevent a permanent injury to property, or its entire ruin, from the erection and continuance of a nuisance, and the law can not prevent the evil, equity will interfere, although the property itself may be of small value.
But, in cases of this sort, equity will not interfere until the right and the facts have been established, beyond doubt, at law.
In the ease now under consideration the injury, if any, is trifling. The complainants have prosecuted nine suits at law. Two verdicts 389] have been recovered in their favor, on appeal to *the Supreme Court; the one for $2.50, the other for one cent. Since then the complainants have sold their right to the land, except from five to seven acres, in different parcels. The complainants reserved, at the time of sale, the right to raise the water in the lakes to high water mark. ’They do not own any land now flooded by defendant’s dam, unless it may be some portion of the five or seven acres not parted with. To what extent their land may be injured, or whether at all, is matter of doubt. They have reserved the right to keep the water at highwater mark merely, and if the water remains at that point it may be well asked, what injury do the complainants sustain ? It may be inquired, too, whether the five or seven acres that, it is contended, were not conveyed by the complainants, is flooded at all by the dam of defendant ? It may then be well supposed that the complainants are suffering no injury from the dam of defendant, and are, therefore, not entitled to the relief sought.
Even when the complainants owned the whole land, some of the witnesses swear that no injury was sustained ; and the whole testimony, and the trials at law, prove that the injury, if any, was merely nominal, or scarcely above it.
In the cases of Cooper v. Hall, 5 Ohio, 322, the court decide that, in ease of water flowed back in the bed of a stream, no action lies unless some damage be sustained.
In this case the water is flowed over a few acres of low, swampy, wet prairie, of little or no value.
*390 A court of equity would hardly be warranted in interfering to the destruction of a mill, in a case where the damages sustained by flowage wore barely nominal, but would leave the parties to their remedies at law. Nor would it be warranted in such case, to found jurisdiction upon the fact, that the injury was too trifling to carry costs in an action at law. But where the nuisance is of such a character as to occasion a personal inconvenience or annoyance, it would present a totally different case. But equity has no respect for a litigious spirit which seeks the injury of another without benefit to itself. Equity will not controvert the policy of the law, and found its jurisdiction *upon the fact, merely, that the law so far discourages trifling [390 litigation as to give no costs. We can not say in such case that the remedy is not equal to the injury. Where the injury complained of is irreparable, going to the ruin or destruction of the property, equity will interfere. We wish to lay down no rule which will at all interfere with this wholesome and necessary principle, but we must say that the present case does not warrant its exercise.
This mill was erected before complainants acquired any interest in the land; the damages at farthest are of a very trifling character, if not merely nominal; and a majority of all the verdicts, taking the trials in both courts, find for the defendant. And since the complainants have parted with the land, except as to a small parcel, and reserving only the right to keep the water up to highwater mark upon that which they have sold, two verdicts have been rendered against them in the court of Common Pleas.
Bill dismissed at complainants’ costs.