Caldwell, J.
The defendants having met the allegations of the complainant by a demurrer, we are called upon to decide whether the case made in the bill authorizes the action of a court of chancery.
Have the complainants the same right to proceed to foreclose these mortgages that they would have had, had the mortgages been given to secure their debt. Now it will be seen that these mortgages are not given for the purpose of securing the complainant’s claim; not for the purpose of raising a fund out of which the debt was to be paid. If so, a court of chancery would hold the mortgagee as trustee of complainants, and would subject the property to the accomplishment of the objects of the trust. The mortgages were given to Nathaniel Reeder for his own personal benefit and security — to save him harmless from his liability as indorser; and can only be resorted to, either by him or the complainants, when it becomes necessary to effect that object — when the contingent necessity contemplated in their creation has arisen.
That there are cases where a court of chancery will give the creditor the benefit of securities, given by the principal to his surety, as indemnity, is well established. Indeed where the liability of the surety has become absolutely fixed, as where judgment has been recovered against him, and his principal has become insolvent, and cases of a similar character, when a resort to his securities becomes absolutely necessary (other resources having failed) to save him harmless from his liability, there *47 appears to be great propriety in a court of chancery permitting the creditor to proceed directly to appropriate such security to the payment of his debt. It prevents circuity of action, the surety is better indemnified, not being disturbed, unless his securities are insufficient; and the creditor has the benefit of having his claim satisfied.
Still we think in all such cases the governing principle on which the court proceeds, is the carrying out the great object in the creation of the indemnity — protection to the surety; the benefit to the creditor following rather as an incident.
Does the bill in this case show any necessity for either the surety or the creditor to resort to these mortgages ? Has the contingency happened on which their conditions were to become forfeited ? No judgment has yet been recovered either against principal or indorser — no suit has yet been brought — there is no allegation in the bill that the principal is not amply able to pay the debt. The indorser remains unharmed from his liability, and there is nothing alleged that shows that he will'not always remain so.
The Ohio Life Insurance and Trust Company seek in this case to be substituted to the rights of Nathaniel Reeder, in a contract made with him personally, for his own benefit; they can only claim such rights as have inured to him; he has not been damnified; the conditions of the mortgages are unbroken as to him; he can yet assert no claim under them; nor could the Trust Company, by being substituted to his rights.
In Homer et al. v. Savings Bank of New Haven, 7 Conn. Rep. 478, after reviewing the cases on this subject, the court distinctly decide, that where the security is given to the surety for his own protection, the creditor can only claim through him, and must be subject to all the equities to which he is subject.
But there is no allegation in the bill that shows that the notes held by the complainant could not be collected by the ordinary proceeding at law. It is true that it is alleged in the bill that complainants have not a remedy at law, and are obliged to *48 resort to a court of chancery, and it is said by counsel in argument that the number of different liens on these mortgaged premises creates that necessity. If the complainants had a claim that would enable them to resort to this property, that would probably be true. But there is no allegation in the bill' that defendants have not sufficient property, subject to levy and sale on execution, to satisfy their claim — that a plain and adequate remedy cannot be had at law.
The substitution of a creditor, to the indemnities of the surety, is a high exercise of chancery powers, and will not be resorted to unless in cases where the ordinary remedies have failed.

The demurrer will be sustained.