White, J.
The first assignment of error is founded on section 83 of the code of criminal procedure. That section is as follows:
“No indictment for any misdemeanor shall be found a true bill by any grand jury, unless the name of the prosecuting witness shall be indorsed thereon, except such bill be found upon testimony sworn and seat to the grand jury, by order of the court, at the request of the prosecuting attorney, or of the grand jury, in which case the fact that the bill was so found shall be indorsed on the bill, instead of the name of the prosecutor.”
This provision is the same as section 55 of the act of March 8, 188.1, except, as found in that act, its operation was limited to the offenses therein specified. 1 S. & O. 434. Accordingly it was held, in Schaffner v. The State, 8 Ohio St. 642, that the provision did not apply to offenses under the act to provide against the evils resulting from the sale of intoxicating liquors.
By the criminal code, passed since that decision, all offenses are classified into felonies and misdemeanors; and every offense, not punishable with death or by imprisonment in the penitentiary, is declared to be a misdemeanor. 66 Ohio L. 324, sec. 230. '
The indictment in the present case was found after the code took effect, and, being for a misdemeanor, is defective, because not indorsed as required by section 83 above referred to. But as the plaintiff in error did not seek to avail himself of the objection in the court below, can he make it available on error? We think a reasonable construction of the code requires us to say that he can not. It was competent for the legislature to disnense with the requirement, or to *409 'prescribe the mode in which its omission could be taken advantage of. The objection did not affect the jurisdiction of the court over the offense charged, nor the question as to its commission by the defendant.
The code undertakes to prescribe the modes in which advantage is to be taken of the various kinds of objections.
The accused may except to an indictment by (1) a motion to quash; (2) a plea in abatement; (3) a demurrer.
By section 107 it is provided that, “a motion to quash ■may be made in all eases, where there is a defect apparent ■upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is ■charged.”
Section 111 is as follows: “The accused shall be taken to ■have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar, or the general issue.”
The present case does not come literally within this section. There was no plea of the general issue, but there was a plea of guilty, which is equivalent to the general -issue and a finding thereon against the defendant. Nor was there a demurrer, which is a confession of the charge for the purpose of raising a question of law; but the plea ,of guilty is a confession of the charge for all purposes. .It is wholly inadmissible to suppose it could have been intended that a plea of guilty should have less effect as a ■waiver, than a demurrer or a plea of not guilty.
This view is strengthened by section 195, which states the •grounds -for which a judgment may be arrested, viz: 1. That the offense charged is not within the jurisdiction of .the court: 2. That the facts stated in the indictment do not constitute an offense. On a plea of guilty the court has nothing to do but to either arrest the judgment or pronounce it against the defendant; and where, on such plea, ■there is no ground for arresting the judgment, there can be no ground for its reversal.
2. The second assignment depends mainly on the eon.struction of the first section of the statute on which the *410 Indictment is founded. It is contended that to constitute a sale of intoxicating liquor unlawful, it must be made at a place of public resort. This is not the consruction which has heretofore been impliedly recognized in several eases, nor. do we think it to be the correct one. Becker v. The State, 8 Ohio St. 391; Moore v. The State, 12 Ohio St. 387; Parker v. The State, 4 Ohio St. 564.
The first section provides for two classes of cases. The-first clause of the section makes it unlawful to sell intoxicating liquors to be drank at the place or on the premises where sold. The second clause is intended to provide for cases whore the liquor is sold, not to be drank where sold, but at a place or on premises adjoining or connected with the building where the sale is made. The phrase “ or other' place of public resort connected with said building,” has reference only to places other than the place or premises where the liquor is sold.
There is no force in the objection that it is not averred, that the liquor was drank on the premises; nor in the-further objection, that there is no averment that the sale was made on any premises. The drinking of the liquor constitutes no part of the offense, and the averment that it was sold “ to be drank upon the premises where sold,” necessarily implies that the sale was made on some premises. A description of the premises is dispensed with by the-statute.
3. The remaining objection is, that the sentence, as respects the imprisonment, is too indefinite and uncertain. Ve think this objection is well taken. In Williams v. The State, it was held, that, where a party is convicted at the same term of several crimes, each punishable by imprisonment, it is not error, in sentencing the defendant, to make one term of imprisonment commence when another terminates. It was also held in that case, that where the sentence, as shown by the record, is to imprisonment in the penitentiary “ for a further term of ten years, to commence at the expiration of the sentence aforesaid,'’ and there is. nothing in the record showing to what the word “ afore *411 said” relates, such judgment and sentence will be reversed for uncertainty. It is said in that case, that the court on error “ can look only to the record for the terms of the judgment, and must determine their import and meaning only from the light which it affords.” 18 Ohio St. 47.
The sentence upon the termination of which the commencement of the one in question is made to depend, is only referred to, in the record before us, by the title and number of the case. It does not appear at what term, nor, except by remote inference, in what court it was pronounced. The number of the case is given, but this number is no part of the sentence, nor is it a necessary part of the record of the case.
The terms of a sentence of imprisonment ought to be so definite and certain as to advise the prisoner, and the officer charged with the execution of the sentence, of the time of its commencement and termination, without their being required to inspect the records of any other court, or the record of any other case.
As the fine and imprisonment were intended as one punishment for the same offense, and each was doubtless graduated with reference to the other, the judgment as to both will be reversed ; and as the sentence has not been executed, by reason of its suspension pending this proceeding in error, the ease will be remanded to the Court of Common Pleas, as was ordered in Williams v. The State, supra, for sentence and iudgment in accordance with law.