CHARLES R. MIMS *vs.* STATE OF MINNESOTA. (2d Case.)

April 20, 1880.

**Convictions on Several Indictments—Sentences.**—Where a person has been convicted, upon several indictments, for several similar but distinct offences, the court may sentence him to the full extent allowed by law for such offences, upon each conviction, and it is not a case of cumulative sentences.

**Same — Successive Terms of Imprisonment.** — The term of imprisonment imposed by the sentence upon one conviction may be made to commence at the expiration of the term imposed by a previous sentence.

Writ of error to the district court for McLeod county.

*Davis, O'Brien & Wilson*, for plaintiff in error.

*Geo. P. Wilson*, Attorney General, for the State.

GILFILLAN, C. J. In this case the plaintiff in error was convicted upon an indictment for embezzling state moneys, having just before been convicted upon an indictment for embezzling county funds. Upon the conviction in this case he was sentenced to be confined at hard labor in the state prison for a period of one year, and pay a fine of $9,412.88, and stand convicted until that fine is paid; the sentence to commence at the determination of the sentence on the conviction under the indictment for embezzling county funds, rendered the same day. There are raised in this case only two questions not disposed of in the writ of error upon the judgment in case of the indictment for embezzling county funds. (*Mims* v. *State, ante,* p. 494.) These are that the sentence is cumulative, and that a sentence cannot be made to commence at a future day.

If both offences had been charged in one indictment, and there had been but one trial, and the plaintiff in error had been sentenced upon each count in the indictment, both sentences exceeding in the aggregate the punishment prescribed by law for such offence, the objection that the sentences were cumulative might be made. But we have never

seen it laid down by any court or text-writer that, because a person upon a conviction for one offence had been sentenced to the full extent of the power of the court to punish, the court cannot sentence him, upon another conviction, under another indictment, separately tried, for a similar, but distinct, offence. It is not a case of cumulative sentences.

The power of a court to make the term of imprisonment imposed by one sentence to commence at the expiration of the term imposed by another sentence exists from necessity; for, otherwise, a person might be convicted at the same term of court for several distinct, similar or dissimilar offences, and the court have power to punish for only one. A sentence to imprisonment ought to be certain as to the time when it shall commence and end; but where the court has to punish by imprisonment upon each of several convictions, to make one term commence at the expiration, by lapse of time or otherwise, of a preceding term, makes the sentence as certain as is possible under the circumstances.

The judgment and sentence are reversed as to the direction that the plaintiff in error stand committed until the fine is paid, and affirmed as to the amount of the fine, the term of imprisonment, and that such term commence at the expiration of the term of imprisonment to which the plaintiff in error was sentenced by the judgment of the district court, on the conviction for embezzling county funds, rendered at the same term of said court with this judgment.