HARRIS v. LANG.*

CRIMINAL LAW; CUMULATIVE SENTENCES; POLICE COURT.

1. A prisoner under an excessive sentence cannot be discharged on habeas corpus until he has performed so much of the judgment, or served so much of the sentence, as it was within the power of the court to impose.

2. The provision of section 934, D. C. Code [31 Stat. at L. 1341, chap. 854], relating to cumulative sentences, has no reference to a sentence to pay a pecuniary fine, followed by imprisonment in default of payment, but only to cases in which the punishment is to be imprisonment. (Citing *United States* v. *Mills*, 11 App. D. C. 506, and *Bowles* v. *District of Columbia*, 22 App. D. C. 328.)

3. Sentences in criminal cases are not cumulative merely because imprisonment under the second is made to commence upon the termination of the imprisonment under the first, where the prisoner is convicted upon two separate informations, or indicted for different offenses.

*Habeas Corpus—Excessive Sentence.*—The authorities relating to habeas corpus for the purpose of reviewing an excessive sentence are collated and discussed in editorial note to *Re Taylor*, 45 L. R. A. 139.

*Excessive Sentence.*—The English and American authorities dealing with the effect of an excessive sentence are presented and discussed in an editorial note to *Re Taylor*, 45 L. R. A. 137.

4. Where a jail prisoner was discharged on habeas corpus on the ground that the sentence under which he was imprisoned was void, and, pending an appeal by the warden of the jail, the sentence expired, this court dismissed the appeal, although holding that the lower court erred in its ruling. (Following *United States* v. *Mills,* 11 App. D. C. 510.)

5. *Quære,* Whether the police court, which has discretionary power to suspend judgment and statutory power to extend its term, has power to withhold sentence during a long and indefinite period extending beyond the term.

6. Where no reason appears of record in a given case why the sentence of the police court was suspended, it will be presumed by this court that there was good cause therefor.

7. *Quære,* Whether there are limitations upon the right of the police court to suspend sentence beyond the current term or succeeding term and, if so, what such limitations are.

No. 1568.   Submitted January 9, 1906.   Decided February 14, 1906.

HEARING on an appeal by the respondent, the warden of the District of Columbia jail, from an order of the Supreme Court of the District of Columbia discharging from custody a petitioner for a writ of habeas corpus.        *Appeal dismissed.*

The facts are sufficiently stated in the opinion.

*Mr. D. W. Baker,* United States Attorney for the District of Columbia, and *Mr. Stuart McNamara,* Assistant, for the appellant.

*Mr. A. W. Scott* and *Mr. M. T. Clinkscales* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

Robert Lang, the appellee, filed his petition for the writ of habeas corpus May 4, 1905, in the supreme court of the District of Columbia, and the writ was issued by the court, and directed James H. Harris, warden of the District jail, to produce Robert Lang in court, and, upon hearing, the learned court below directed the discharge of the petitioner from the custody of the warden of the jail, who appealed to this court.

In the police court of the District of Columbia, on June 27, 1904, upon an information charging him with an assault, to which he pleaded "not guilty," Robert Lang was tried and convicted. He was sentenced to pay a fine of $200, and, in default of payment of the fine, was committed to imprisonment in the District jail for three hundred and sixty-four days. On the same day the appellee, upon another information charging him with an assault, pleaded "guilty," and was remanded to jail to await sentence. While serving sentence under commitment for the first assault, the appellee was brought into the police court on March 14, 1905, and was sentenced under the second information, to which he had pleaded guilty, for a period of one hundred and eighty days, the said term "to take effect upon the expiration of sentence imposed in U. S. case No. 135,816, of date June 27, 1904."

When, on May 4, 1905, the appellee filed his petition for the writ of habeas corpus, he had been confined in the jail for ten months and seven days. In his petition the appellee charged that the sentence imposed on March 14, 1905, was null and void; that, deducting the time to which he was entitled on account of good conduct, the period of his first sentence had expired, and that his present and further detention was unlawful.

The appellant, the warden of the jail, in his return to the writ, stated that he held the appellee by virtue of the two sentences of the police court and the commitments issued thereon; that the assault in the first commitment mentioned was upon one Ida Middleton, while that in the second commitment mentioned was upon Ollie Brown.

The learned court below discharged the prisoner from custody, holding that the police court had no jurisdiction to impose sentence in Case No. 135,817, and that the sentences imposed in No. 135,816 and No. 135,817 were cumulative and aggregated more than one year.

The appellant contends that the court below erred upon both grounds, and therefore erred in not remanding the appellee to serve the residue of the two sentences, imposed upon him for two different offenses upon two different informations.

Allowing a deduction for good conduct, the appellee's first term should have expired about April 25, 1905. If the appellee served the term of the sentence in the second charge, deducting time for probable good conduct, his incarceration should have terminated about September 26, 1905, and his release on May 5, 1905, was premature.

Section 931 of the Code [31 Stat. at L. 1340, chap. 854] allows for good conduct to all persons sentenced to imprisonment in the jail or the workhouse a deduction of five days in each month for the term.

Section 934 of the Code provides [31 Stat. at. L. 1341, chap. 854] that "when any person is sentenced for a term longer than six months, and not longer than one year, such imprisonment shall be in the jail, and where the sentence is imprisonment for more than one year, it shall be in the penitentiary. Cumulative sentences aggregating more than one year shall be deemed one sentence for the purposes of the foregoing provision. When the punishment of an offense may be imprisonment for more than one year, the prosecution shall be in the supreme court of the district [of Columbia]. When the maximum punishment is [a fine only, or] imprisonment for one year or less, the prosecution may be in the police court."

The appellee contends that, under this section, the two sentences he was required to serve were cumulative sentences aggregating more than one year, and should be deemed one sentence. In this view, the appellee's imprisonment would have been lawful until June 26, 1905, for a sentence or sentences not exceeding one year. If the court have jurisdiction to sentence for one year, such sentence is valid within the limit of the court's jurisdiction, and in this view the petitioner could only be relieved from so much of the sentence or sentences as exceed one year.

A prisoner under an excessive sentence "cannot be discharged * * * until he has performed so much of the judgment, or served out so much of the sentence, as it was within the power of the court to impose." *Re Swan*, 150 U. S. 637, 653, 37 L. ed. 1207, 1211, 14 Sup. Ct. Rep. 225; *United States* v. *Pridge-*

*on,* 153 U. S. 48, 62, 38 L. ed. 631, 636, 14 Sup. Ct. Rep. 746; *People ex rel. Trainor* v. *Baker,* 89 N. Y. 467.

The discharge of the appellee in this instance was premature, and the learned court below, upon the view taken by it that the two sentences were cumulative, had no authority to relieve the petitioner, who should have been remanded to the custody of the appellant to serve out the remainder of the year at least.

But we do not agree with the court below that the sentence imposed June 27, 1904, in case No. 135,816, and the sentence imposed March 14, 1905, in case No. 135,817, were cumulative. Upon the first conviction for the assault upon Ida Middleton, sentence was imposed June 27, 1904, that the appellee pay a fine of $200, and the appellee was confined in jail in default of payment of the fine imposed, committed for the term of three hundred and sixty-four days. This was in accordance with section 44 of the Code. [31 Stat. at L. 1196, chap. 854.] The sentence imposed on March 14, 1905, was for an assault upon Ollie Brown, and was for a term of imprisonment of one hundred eighty days. The two sentences were imposed upon different informations, after separate convictions at different times, the punishments were different in character, and the appellee was convicted for separate assaults upon different persons.

The court below has in general term more than once upheld similar sentences. "The law is well settled that in a criminal case there is no error in a judgment making one term of imprisonment commence when another terminates; and, when this forms part of the sentence, the judgment is then considered sufficiently certain as to the time when the successive sentences are to be carried into execution." *Re Jackson,* 3 MacArth. 24, 26; *Re Fry,* 3 Mackey, 141.

This applies not only to the second sentence of the appellee, which was imprisonment for the assault, but as well to the first sentence, which was a fine and imprisonment in default of payment of the fine.

This court of appeals referred to the fact that there is a well-defined system of commutation of fines provided in this District in *United States* v. *Mills,* 11 App. D. C. 506, saying:

"We need not go no further back than the last act of Congress upon this subject, the act of July 23, 1892 (27 Stat. at L. 262, chap. 236), wherein it was expressly provided that, 'in all cases where the said (police) court shall impose a fine, it may, in default of the payment of the fine imposed, commit the defendant for such time as the court thinks right and proper, not to exceed one year.' "

This provision is now section 44 of the Code, and was considered by this court in *Bowles* v. *District of Columbia,* 22 App. D. C. 328, where it is said: "Imprisonment is not provided * , * * by the Code as an alternative punishment; but imprisonment is very properly provided as the only available mode for the enforcement of the fines imposed as punishment. Without it there would be no practicable means for the enforcement of fines. When imprisonment is provided as an alternative punishment, it is proper so to state, and it is so stated in the laws. * * * Imprisonment could not be imposed in this case primarily; and it is always competent for the party to avoid it by paying his fine. It would not be competent for him to avoid it if it were originally imposed as punishment."

In the case before us, in June the appellee was sentenced to pay a fine, or, in default, to be imprisoned; in March following he was sentenced to imprisonment. Whatever may be meant by "cumulative sentences," in section 934 of the Code, the term has no application to fines as punishment.

In *Ex parte Banks,* 41 Tex. Crim. Rep. 202, 53 S. W. 688, in construing a statute very similar to the provisions of the Code, it is said: "The statute regulating cumulative sentences refers only to cases in which imprisonment in the penitentiary or the county jail is a part of the punishment."

We are of opinion that the language of section 934 of the Code, "cumulative sentences aggregating more than one year shall be deemed one sentence for the purposes of the foregoing provision," has no reference to a sentence to pay a pecuniary fine, followed by imprisonment in default of payment, but relates only to cases in which the punishment is to be imprisonment. It should be observed that the language just quoted

sanctions cumulative sentences by the police court, the total of which do not aggregate more than one year. We conclude that the two sentences for which the appellee was imprisoned were lawful sentences, and should have been served.

Nor are the sentences cumulative merely because two imprisonments are made successive in point of time, if it happen that the prisoner convicted upon two separate informations receives two separate definite sentences for the two separate offenses.

The supreme court of Minnesota said: "There are raised in this case only two questions. * * * These are that the sentence is cumulative, and that a sentence cannot be made to commence at a future day. If both offenses had been charged in one indictment, and there had been but one trial, and the plaintiff in error had been sentenced upon each count in the indictment, both sentences exceeding in the aggregate the punishment prescribed by law for such offense, the objection that the sentences were cumulative might be made. But we have never seen it laid down by any court or text writer that, because a person, upon a conviction for one offense, had been sentenced to the full extent of the power of the court to punish, the court cannot sentence him upon another conviction, under another indictment, separately tried, for a similar but distinct offense. It is not a case of cumulative sentences. The power of a court to make the term of imprisonment imposed by one sentence to commence at the expiration of the term imposed by another sentence exists from necessity; for, otherwise, a person might be convicted at the same term of court for several distinct, similar, or dissimilar offenses, and the court have power to punish for only one. A sentence to imprisonment ought to be certain as to the time it shall commence and end; but, where the court has to punish by imprisonment upon each of several convictions, to make one term commence at the expiration, by lapse of time or otherwise, of a preceding term, makes the sentence as certain as is possible under the circumstances." *Mims* v. *State,* 26 Minn. 498, 499, 5 N. W. 374.

And in *Williams* v. *State,* 18 Ohio St. 47, the supreme court

of Ohio said: "To hold that, where there are two convictions and judgments of imprisonments at the same term, both must commence immediately, and be executed concurrently, would clearly be to nullify one of them. To postpone the judgment in one case until the termination of the sentence in the other would, if allowable, be attended with obvious inconvenience and expense, without any correspondent benefit to the convict. There is nothing in the statute requiring this, and it is not to be construed so as to defeat or impede the execution of its own provisions as to the punishment of crimes. We think, both upon principle and the weight of authority, that we are required to hold that it is not error, upon a conviction in a criminal case, to make one term of imprisonment commence when another terminates. There is but little force in the objection that the term of the commencement of the second term is contingent and uncertain. It is true that the first term may be ended by a pardon or a reversal of judgment, but its termination will be rendered certain by the event, and then the second sentence, by its terms, takes effect."

And the supreme court of Nebraska, answering a similar objection, said: "But, in our opinion, the great weight of authority is in favor of the proposition that, upon conviction of several offenses, charged in separate indictments, or in separate counts of the same indictment, the court has power to impose cumulative sentences." *Re Walsh,* 37 Neb. 454, 55 N. W. 1076.

In *Blitz* v. *United States,* 153 U. S. 308, 317, 318, 38 L. ed. 725, 728, 729, 14 Sup. Ct. Rep. 924, the defendant was convicted upon each of the three counts in the indictment. A motion in arrest of judgment was sustained as to the second count, and the defendant was sentenced on the first count to an imprisonment in the penitentiary for a year and a day, and on the third count for a like period beginning upon the expiration of the sentence on the first count. The Supreme Court held that the motion in arrest of judgment should have been sustained as to the first count also. It affirmed the judgment on the third count, and directed that the term of imprisonment thereunder should

be held to commence on the day named for the commencement
of the first term.  As the court below had pronounced judgment
on both the first and third counts, the imprisonment under the
third count commenced upon the expiration of the judgment on
the first count; therefore, the plaintiff in error contended that
there should be a new trial, but the Supreme Court said: "In
*Kite* v. *Com.* 11 Met. 581, 585, it appeared that the accused was
sentenced for a named period to confinement at hard labor, to
take effect from and after the expiration of three previous sen-
tences specified.  The judgment was objected to as erroneous
and void, because there were not three former sentences, legal
and valid, and therefore no fixed time from which the punish-
ment on the last sentence should begin.  Chief Justice Shaw,
referring to this objection, and delivering the unanimous judg-
ment of the court, said that it was not an error in a judgment in
a criminal case to make one term of imprisonment commence
when another terminates.  'It is as certain,' he said, 'as the na-
ture of the case will admit, and there is no other mode in which
a party may be sentenced on several convictions.  Though un-
certain at the time, depending upon a possible contingency that
the imprisonment on the former sentence will be remitted or
shortened, it will be made certain by the event.  If the previous
sentence is shortened by a reversal of the judgment, or a pardon,
it then expires, and then, by its terms, the sentence in question
takes effect as if the previous one had expired by lapse of time.
Nor will it make any difference that the previous judgment is
reversed for error.  It is voidable only, not void; and, until
reversed by a judgment, it is to be deemed of full force and effect,
and, though erroneous and subsequently reversed on error, it is
quite sufficient to fix the term at which another sentence shall
take effect.'  See also *Dolan's Case,* 101 Mass. 219, 223."

The appellee in the case before us committed two successive
offenses, and it was competent for the court to punish him for
the two different offenses.  It would be very unjust to hold that,
if one person committed one misdemeanor, the police court could
punish him for that offense; that, if he committed a second like
offense immediately after the other, he should have immunity

from punishment because the two sentences for the different offenses resulted in successive terms of imprisonment.

If this were a case where the appellee were still in jail awaiting the result of the appeal of the warden of the jail, we would reverse the order appealed from and remand the case to the supreme court of the District of Columbia with direction to proceed therein in accordance with law and in a manner not inconsistent with this opinion.

On a habeas corpus, where the personal liberty of the citizen is involved, our decision should be made upon the actual status of the case.

This record discloses that the term of the second sentence of the appellee has expired, and, although he did not serve the full period of his imprisonment by reason of his discharge by the court below, the time which he lawfully should have served has now expired. To direct a reversal of the order of the court below would be to do a vain thing.

It appears in No. 135,817 that on June 27, 1904, the defendant was arraigned and plead guilty, a judgment of guilty was entered, and the last entry of that date was "committed to jail and held to await sentence." The next and final entry was "March 14, 1905, sentenced to be imprisoned one hundred and eighty days in jail, to take effect upon the expiration of sentence imposed in U. S. case No. 135,816, of date June 27, 1904. Committed."

We will not consider whether the police court, which may suspend judgment, in its discretion, for proper reasons shown, and which has statutory power to extend a term of its court, has power to withhold sentence during a long and indefinite period. It may be that in this case the term was extended until the time of sentence. At least, nothing appears to the contrary.

Concerning the suspension of sentence in this case in its present status, we may accept the language of the supreme court of Tennessee, that, "in favor of the propriety of the action of the court, we would presume good cause appeared for such suspension." *State* v. *Miller,* 6 Baxt. 513.

Many States by statute provide that the prisoner shall not be

discharged under a writ of habeas corpus where it appears that he is held in custody by virtue of the judgment of a court of competent jurisdiction; and the courts uniformly hold that the writ of habeas corpus is not to take the place of a writ of error or the appeal. See *Smith* v. *Hess,* 91 Ind. 428.

It is not necessary in this case to consider whether or not there are limitations upon the right of the police courts to suspend sentence beyond the current term or the succeeding term, and, if so, what such limitations may be.

The only formal order we can now enter is an order dismissing the appeal, in view of the expiration of the second sentence of the appellee pending the consideration of this appeal by this court. *United States* v. *Mills,* 11 App. D. C. 510, 511.

As the appeal must be *dismissed, it is now so ordered.*

A petition to the Supreme Court of the United States for the writ of certiorari was denied by that court April 13, 1906.