### INACCURATE CHARGE AS TO SCENE OF OFFENSE.

Circuit Court of Cuyahoga County.

JACOB GOLDBERG v. STATE OF OHIO.

Decided, June 10, 1910.

*Criminal Law—Variance.*

Where an indictment alleges that the accused induced a female person
under eighteen years of age to enter a house of ill-fame for the
purpose of prostitution, and described the house as No. 501 Hamil-
ton avenue, in the city of Cleveland, and the only proof is that he
induced her to enter No. 415 Hamilton avenue in the city of Cleve-
land, the variance between the allegation and the proof is fatal.

*Francis J. Wing* and *Max Goodman,* for plaintiff in error.
*John A. Cline* and *G. C. Hansen,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff was convicted under Section 7023 of the Revised
Statutes (now Section 13027 of the General Code), of the crime
of inducing, decoying and procuring one Gussie Cohen, a female
person under the age of eighteen years, to enter a house of ill-
fame, for the purpose of prostitution. The indictment alleges
that "said house of ill-fame was then and there kept by one
Jane Doe, whose real name is to the grand jurors unknown, which
house was then and there located on Hamilton avenue in the city
of Cleveland, and was then and there known as being No. 501
Hamilton avenue in the city of Cleveland."

The evidence adduced at the trial was that she was induced
to enter a house of ill-fame kept by one Maud Osborn at No. 415
Hamilton avenue, and that 415 is a different place from 501.
This variance between the indictment and the proof is claimed
to be reversible error. It is said that the accused was prejudiced
in two material respects by this variance:

*First.* He was not enabled by the charge in the indictment
to properly prepare his defense, for being notified to defend
himself against the charge that he had induced the girl to enter

a house of prostitution kept by some woman whose name the grand jurors did not know, at 501 Hamilton avenue, and being prepared to show that the girl was never in said house he was confronted with proof that she was in some other house elsewhere on the street.

*Second.* It is claimed that the record of conviction in this case of having induced the girl to enter No. 501 Hamilton avenue can not be used by him, or pleaded in bar, should he hereafter be indicted for inducing her to enter No. 415 Hamilton avenue, although he induced her to enter but one house.

On the other hand, the prosecuting attorney claims that the variance is as to an immaterial matter, and that the question was left to the jury whether in using the number 501 the grand jury intended to describe No. 415.

That the grand jury described the number they intended to describe is plain from the evidence.

It is perhaps correct to say that the grand jury need not have described the house further than to say that it was a house of ill-fame on Hamilton avenue in the city of Cleveland, Cuyahoga county, Ohio, for the statute makes it a crime to induce a female person under eighteen years of age to enter "any house of ill-fame" for the purpose of seduction or prostitution.

This case is so much like the case of *Moore* v. *State of Ohio,* 12 Ohio St., 387, that we are unable to make any distinction between the two cases.    The syllabus of that case is as follows:

"Where an indictment for selling spirituous liquors to be drank where sold, avers that the sale was made at a particular place, by way of local description and not as mere venue, the proof must correspond with the allegation.

"Where such indictment alleges the sale to have been made at the grocery of M in the township of A, and the only proof is of sale at the grocery of M in the township of G, the variance between the allegation and the proof is fatal to the prosecution."

In the opinion it is pointed out that it was not necessary that the indictment should state the precise locality of the act of sale, for the statute itself provided that it should not be necessary to describe the place where the liquor was sold, and *Roscoe's*

*Criminal Evidence,* 112, is cited to the proposition that where the name of the place is mentioned not as matter of venue but of local description, it must be proved as laid, although it need not have been stated.    The court further says: "the cases are numerous, requiring proof of averment descriptive of the offense, which were unnecessarily inserted in the indictment."    So here, it being alleged that the accused induced the girl to enter a house of ill-fame at 501 Hamilton avenue, it was necessary for the state to prove that that was the house she was induced to enter, and proof that she was induced to enter some other house fails to make the case.

We are constrained to reverse the judgments in this case upon the authority of the case cited.    See also *Griffin* v. *State,* 14 Ohio St., 55.

We are not reluctant to reverse this case, because the reading of the evidence creates a reasonable doubt in my mind at least, as to the defendant's guilt, and although we are loathe to set aside the verdict of a jury in a criminal case, still we feel that there must have been circumstances at the trial, perhaps the infamy of the offense alone, which caused the jury to disregard the instructions of the court that they must be satisfied beyond a reasonable doubt that the accused was guilty as charged in the indictment.

Other numerous errors are alleged to have occurred at the trial, but we find none prejudicial to the rights of the accused, except the variance mentioned, for which alone the judgment is reversed.