## In re Eugene Sargood.

### May Term, 1912.

Present: Rowell, C. J., Watson, Haselton, and Powers, JJ.

Opinion filed June 10, 1912.

*Habeas Corpus—Criminal Law—Sentence—Cumulative Sentences at Common Law—Under P. S. 2362—Constitutional Law—Due Process of Law—Sentence of Respondent.*

P. S. 2362, providing for cumulative sentences of a person convicted of two or more crimes, one term of imprisonment limited to commence at the expiration of the other, is merely declarative of the common law.

At common law, where a respondent, already in execution on a sentence to imprisonment, is brought into court and convicted of another, or several other, distinct offences, the court may lawfully impose sentence of imprisonment against him to take effect at the expiration of the term he is then serving, and, if there be a third conviction for which a sentence of imprisonment is imposed, the term of that imprisonment may be made to commence at the expiration of the preceding sentence.

The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language.

It is presumed that the Legislature, in the enactment of statutes, does not intend to overturn long-established principles of law, unless that intention is made clearly to appear either by express declaration or necessary implication.

A statute is not to be given a construction at variance with established rules of procedure unless that is the apparent intent.

P. S. 2362, providing that a respondent convicted of two or more offences punishable by imprisonment, and sentenced at the same time for more than one of them, may be sentenced to as many terms of imprisonment as there are offences for which he is convicted, one term being limited to commence at the expiration of the other, does not limit the imposition of cumulative sentences to the term of court at which the first sentence is imposed, but the courts have still the common law power to impose such sentences at a subsequent term.

As a sentence of respondent to imprisonment on an erroneous judgment, that was subsequently reversed, was not void before such reversal, but only voidable, it was sufficient to fix the time at which should begin a cumulative sentence of respondent to imprisonment limited to begin at the expiration of the voidable sentence.

Where a respondent was convicted of two offences and given cumulative sentences of imprisonment thereon, and before the expiration of those sentences was convicted of a third offence and thereon given a sentence that was limited to begin at the expiration of the second, he was not denied due process of law.

HABEAS CORPUS, brought to the Supreme Court for Bennington County at its May Term, 1912, and then heard on the pleadings. The opinion states the case. See 77 Vt. 80, and 80 Vt. 412.

*Batchelder & Bates* and *C. A. Maurer* for the relator.

*John G. Sargent*, Attorney General, for the State.

WATSON, J.  On September 15, 1904, the relator was duly committed to the state prison to serve a sentence,—designated herein as the "first sentence,"—for the term not exceeding four and one-half years, for the crime of felony of which he had been convicted in Bennington County Court.  At the December term, 1904, of that court, he was convicted of the crime of perjury, and also of the crime of attempting to poison one Sanford Hicks and one Carrie Hicks.  On December 31, 1904, the relator was sentenced on both of said convictions: in the perjury case, the sentence,—designated herein as the "second sentence,"—was to

imprisonment in the state prison for the maximum term not exceeding six years, to "begin at the expiration of the term" he was then serving under the first sentence; in the attempted poisoning case, the sentence,—designated herein as the "third sentence,"—was to imprisonment in the state prison for the maximum term not exceeding eight years, to "begin at the expiration of the term of imprisonment" under the second sentence. He was duly committed to the state prison, under the last two sentences, on January 3, 1905. At the October term, 1905, of this Court the judgment in the perjury case was reversed on error. The relator's present detention in the state prison is under the third sentence.

It is contended that the second and the third sentences were unlawful and without due process of law, for the asserted reason that cumulative sentences, to take effect, one at the expiration of another, can be imposed only by the provision of section 2362 of the Public Statutes, and at the same time or term of court; that the third sentence imposed, the imprisonment to begin at the expiration of the second sentence, is void for uncertainty, and by his imprisonment thereunder he is deprived of equal and impartial justice, in violation of the Constitution of the State, and of the United States.

Section 2362 of the statutes reads: "A person convicted of two or more offences punishable by imprisonment in the state prison or house of correction, and sentenced at the same time for more than one of such offences, may be sentenced to as many terms of imprisonment as there are offences of which he is convicted, one term being limited to commence upon the expiration of the other, in the order designated by the court." This statute was enacted in 1880. Prior thereto, the matter was governed wholly by the common law.

It has been held in some of the sister states that in the absence of statutory provisions giving such power, the courts have no authority to impose cumulative sentences on conviction under separate indictments for several offences, the imprisonment under one to commence at the termination of that of another. The contrary rule, however, is more generally laid down by the courts of this country, and is, we think, the true doctrine. *Kite* v. *Commonwealth*, 11 Met. 581, is a leading case of this sort. There, cumulative sentences to imprisonment at hard labor for felonies, of which the plaintiff in error had been

convicted on several indictments, were imposed at the same term of court. In one case, where the sentence of imprisonment was to take effect from and after the expiration of three former sentences specified, the error assigned was, that the judgment was erroneous and void, because there were not three former legal and valid sentences, and therefore no fixed time for the punishment on this sentence to begin. Delivering the opinion affirming the judgment, Chief Justice Shaw said: "The court are all of opinion that it is no error in a judgment, in a criminal case, to make one term of imprisonment commence when another terminates. It is as certain as the nature of the case will admit; and there is no other mode in which a party may be sentenced on several convictions. Though uncertain at the time, depending upon a possible contingency that the imprisonment on the former sentence will be remitted or shortened, it will be made certain by the event. If the previous sentence is shortened by a reversal of the judgment, or a pardon, it then expires; and then, by its terms, the sentence in question takes effect, as if the previous one had expired by lapse of time. Nor will it make any difference, that the previous judgment was reversed for error. It is voidable only, and not void; and, until reversed by a judgment, it is to be deemed of full force and effect; and though erroneous and subsequently reversed on error, it is quite sufficient to fix the term at which another sentence shall take effect." In *Blitz* v. *United States*, 153 U. S. 308, 38 L. ed. 725, 14 Sup. Ct. 924, the plaintiff in error was convicted on all three counts of the indictment. The judgment was arrested as to the second count. The plaintiff in error was sentenced upon the first count to imprisonment in the penitentiary for a term specified; and upon the third count, to imprisonment for a like period, to begin upon the expiration of the sentence upon the first count. It was contended by him that as the motion in arrest of judgment should have been sustained as to the first count also; as the term of imprisonment under the judgment on the third count was to commence from the expiration of the judgment on the first count; and as no judgment should have been pronounced on the first count, the cause must be remanded with directions for a new trial. It was held that judgment should have been arrested as to the first count, as well as to the second; yet, concurring in the views expressed in *Kite* v. *Commonwealth*, it was held that the sentence in respect to the third count should stand, and the

term of imprisonment under it be held to commence from the date fixed by the judgment below for imprisonment to begin under the sentence on the first count. It is said in *Mimms* v. *State,* 26 Minn. 498, 5 N. W. 374, that the power of the court to make the term of imprisonment under one sentence to commence at the expiration of the term under another sentence, exists from necessity; for, otherwise, a person might be convicted at the same term of court for several distinct offences, and the court have power to punish for one only. In *State* v. *Mahaney,* (N. J. L.), 62 Atl. 265, it is said that this "doctrine is one resting in common sense as well as in authority. It is apparent that unless consecutive sentences can be imposed, the court must either suspend sentence for one offence until the expiration of the time of imprisonment named in the other sentence, at which time the personnel of the court and of the prosecutor's office may have changed, and the facts essential to the imposition of a sentence become difficult of ascertainment, or else the court must impose concurrent sentences, the effect of which is to entirely nullify the effect of one of them. For these reasons the great weight of authority in this country is that, without any statutory provision for consecutive sentences, the power to impose them resides in the court." Some of the other cases to the same effect are the following: *United States* v. *Carpenter,* 151 Fed. 214, 81 C. C. A. 194, 9 L. R. A. (N. S.) 1043, 10 Ann. Cas. 509; *Brown* v. *Commonwealth,* 4 Rawle, 259, 26 Am. Dec. 139; *State* v. *Smith,* 5 Day, 175, 5 Am. Dec. 132; *Breton, Petitioner,* 93 Me. 39, 44 Atl. 125, 74 Am. St. Rep. 325; *Simmons* v. *Georgia Iron & Coal Co.,* 117 Ga. 315, 43 S. E. 780, 61 L. R. A. 739; *Fitzpatrick* v. *People,* 98 Ill. 269; *Harris* v. *Lang,* 27 App. D. C. 84, 7 A. & E. Ann. Cas. 141, 7 L. R. A. (N. S.) 124; *Williams* v. *State,* 18 Ohio St. 47; *Petition of McCormick,* 24 Wis. 492, 1 Am. Rep. 197; *Ex parte Jackson,* 96 Mo. 116, 8 S. W. 800.

The court has the same power at common law to impose cumulative sentences when the respondent, already in execution on a former sentence to imprisonment, is brought into court, and convicted of another, or several other, distinct offences; the court may lawfully impose sentence of imprisonment against him to take effect at the expiration of the term of imprisonment he is then serving; and if there be a third conviction for which a sentence to imprisonment is imposed, the term of such imprisonment may be made to commence at the termination of the

preceding sentence, as was done in the cases against this relator. In *Rigor* v. *State,* 101 Md. 465, 4 A. & E. Ann. Cas. 719, 61 Atl. 631, it was contended by the plaintiff in error, that he, while in execution in the state penitentiary for felony, could not be brought into court upon a writ of habeas corpus to answer to an indictment charging him with an assault with intent to murder. He was convicted of the latter offence and a cumulative sentence to imprisonment was imposed, to begin at the expiration of the term of the former sentence. The court said the questions presented concerned the sentence imposed. It was held that the criminal court had power to bring the plaintiff in error before it, as it did, and to place him on trial under the indictment there pending against him, and on conviction, to sentence him for *that* violation of the law by imposing a cumulative penalty. The court said, that unless this was so courts would be so hopelessly impotent, in such circumstances, as to be unable to do anything until the expiration of a sentence (in that case) for eight or ten years, by which time the main witnesses might be dead, and the ends of justice might be defeated; that if the contentions made in this behalf were sound, the arm of the criminal law would be paralyzed; not a step could be taken towards prosecuting a person so long as he remained a convict sheltered within the walls of the penitentiary—which is not the law. "Jurisdiction to inflict cumulative punishment," said the court, "is dependent, not on the accident that the offender has been convicted twice, or oftener, before the same tribunal, but upon the fact that distinct violations of the law have been committed by one individual whose malefactions merit separate, and therefore cumulative, penalties. Authority to sentence at all is incident to, and a consequence of, the power to try an accused, and the right to try is founded on the fact that the crime was committed within the jurisdiction of the court, and upon the further fact that the prisoner, after being indicted, is present in person before the court during the trial." To the same effect are *Russell* v. *Commonwealth,* 7 Serg. & R. 489; *United States* v. *Farrell,* 25 Fed. Cas. No. 15,074, 5 Cranch C. C. 311; *Ex parte Brunding,* 47 Mo. 255. A citation of further authorities is unnecessary. It is very clear, and we hold, that the statute (P. S. 2362), upon which the relator relies, gives the courts no additional power, and that it is but declaratory of the common law of the State; which declaration, the legislature very likely, in

the language of Blackstone (1 Bl. Com. 86), "thought proper, *in perpeterum rei testimonium,* and for avoiding all doubts and difficulties."

It is urged, however, that this statute impliedly limits the power of the courts to impose cumulative sentences to the same term of the court. If this were the purpose of the lawmakers, language could easily have been used so indicating. "The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." *Dewey* v. *St. Albans Trust Co.,* 57 Vt. 332; *State* v. *Hildreth,* 82 Vt. 382, 74 Atl. 71, 24 L. R. A. (N. S.) 551, 137 Am. St. Rep. 1022, 18 Ann. Cas. 661. The limitation contended for is not expressly created by the statute, nor is it by necessary implication; and the presumption obtains that the legislature, in the enactment of statutes, does not intend to overturn long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication. *In re Garcelon,* 104 Cal. 570, 43 Am. St. Rep. 134, 38 Pac. 414, 32 L. R. R. 595; *Bandfield* v. *Bandfield,* 117 Mich. 80, 72 Am. St. Rep. 550, 40 L. R. A. 757, 75 N. W. 287; *Miller* v. *Detroit,* 156 Mich. 630, 132 Am. St. Rep. 537, 121 N. W. 490. And in *State* v. *Central Vermont Ry. Co.,* 81 Vt. 459, 71 Atl. 193, 21 L. R. A. (N. S.) 949, we said, "A statute is not to be given a construction at variance with established rules of procedure unless the intention of the legislature is apparent." We therefore hold, that the limitation urged is not implied in the statute; that the second and the third sentences were legally imposed, the imprisonment under the second, to begin at the expiration of the term of the first sentence; and the imprisonment under the third sentence to begin at the expiration of the term of the second; that the second sentence, though the judgment in that case was subsequently reversed, was only voidable, not void; and until such reversal, it is to be deemed of full force and effect, and sufficient to fix the term at which the third sentence should take effect; that since the second sentence expired by the reversal of the judgment during the continuance of the first sentence, the term of the imprisonment under the third sentence began in law at the expiration of the term of the first sentence. It follows that the term of the third sentence has not terminated.

The relator's contention that by the imposition of the second and the third sentences, and by his imprisonment under the

third, his constitutional rights have been violated, is without force.

*It is adjudged that the relator is not unlawfully imprisoned, and he is remanded to the state prison, whence he was taken, and his complaint is dismissed.*