## In re Norman Hough

[458 A.2d 1134]

No. 82-238

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed April 5, 1983

*Stephen W. Gould,* Defender, Correctional Facilities, Montpelier, for Petitioner-Appellee.

*John J. Easton, Jr.,* Attorney General, *Susan R. Harritt,* Assistant Attorney General, and *Jesse Bugbee,* Law Clerk (On the Brief), Montpelier, for Respondent-Appellant.

**Billings, C.J.** The factual circumstances giving rise to this appeal involve a confusing series of sentences imposed on petitioner-appellee by the Rutland and Windsor District Courts, as well as a post-conviction order by the Windsor Superior Court amending those sentences. As the facts are somewhat complex and are not in dispute, a brief summary will suffice: within the space of six months, appellee was convicted of two separate felonies and two misdemeanors, and the latter two

misdemeanor convictions resulted in the revocation of probation imposed on the first felony. The sequence of these sentences was later altered by stipulations and the superior court's order. The State appeals one portion of that order, claiming that it improperly denied the Windsor District Court the discretion, granted by 13 V.S.A. § 7032(a), to set the sentence for the second felony conviction consecutive to the prior split sentence and probation. Thus, the narrow issue on appeal is whether a sentencing court may impose a sentence consecutive to a prior split sentence and probation.

This Court has long since recognized the common law authority of courts to impose consecutive sentences. The leading case in this area is *In re Sargood*, 86 Vt. 130, 83 A. 718 (1912), holding that the statutory provision then in effect authorizing consecutive sentences was merely declaratory of the common law. *Id.* at 135–36, 83 A. at 721 (discussing P.S. 2362 (1906)). Section 7032(a) now governs consecutive sentences, and reads as follows:

> If a person who has been sentenced to a term or terms of imprisonment is convicted of another offense punishable by imprisonment before he has been *discharged* from the former sentence or sentences, the court may sentence him to an additional term of imprisonment and shall specify whether this additional term shall be served concurrent with or consecutive to the prior sentence or sentences. (Emphasis added.)

The State argues that this statute creates three criteria which must be satisfied before the court can impose consecutive sentences, and that all three were met when appellee was sentenced by the district court on the second felony conviction. The first criterion is that the offender must already have been sentenced to a term or terms of imprisonment. Here, appellee had already received split sentences of two to five years suspended, seventy days to serve, for his first felony. The second criterion is that he must commit another crime punishable by imprisonment. Here, appellee's commission of the second felony constituted such a crime.

The third criterion imposed by the statute is that this subsequent conviction must occur before the defendant has

been "discharged" from the prior sentence. In this case, the State argues, since appellee was still serving the probationary portion of his sentences for the first felony, and since the remainder of those sentences could be reimposed upon a violation of probation, appellee was not yet discharged from them. Thus, the State concludes, a person on probation is not to be deemed discharged unless the probationary period is terminated in accordance with 28 V.S.A. §§ 251 and 255 (Supp. 1982). These statutes read as follows:

§ 251. Duration of probation

The court placing a person on probation may terminate the period of probation and *discharge* the person at any time if such termination is warranted by the conduct of the offender and the ends of justice. (Emphasis added.)

§ 255. Discharge

Upon the termination of the period of probation or the earlier *discharge* of the probationer in accordance with section 251 of this title, the probationer shall be relieved of any obligations imposed by the order of the court and shall have satisfied his sentence for the crime. (Emphasis added.)

While appellee agrees with the State's interpretation of the first two statutory criteria, he offers a different reading of the third requirement. In that regard he argues that the term "discharge" is met where the person is no longer "in execution" of the former sentence, and that an individual on probation pursuant to 28 V.S.A. § 205 is not "in execution" of his sentence. As support for the latter proposition, he cites the following language in *Miner* v. *Chater*, 137 Vt. 330, 335, 403 A.2d 274, 277 (1979):

[The] parole provisions [28 V.S.A. § 401, discussing "the *serving of a sentence* through the provisions of parole"] should be contrasted with . . . 28 V.S.A. § 205 . . . providing that "[a]fter passing sentence, a court *may suspend* all or part of the sentence and place the person so sentenced in the care and custody of the [Commissioner of Corrections] . . . upon such conditions . . . as it may prescribe . . . ." The status of parole and that of probation are thus fundamentally different. *A parolee is in execu-*

*tion of his sentence while a probationer is not.* (Emphasis in final sentence added.)

However, appellee cites no support for the first argument that the term "discharged from sentence" actually means no longer "in execution of sentence." Granting that a penal statute is to be interpreted favorably to the accused, *State* v. *Sidway*, 139 Vt. 480, 484, 431 A.2d 1237, 1239 (1981), nevertheless, " '[t]his [C]ourt by judicial interpretation may not expand the language or the plain meaning of a statute.' " *Marden* v. *Walton*, 142 Vt. 204, 207, 455 A.2d 321, 322 (1982) (quoting *Maurice Callahan & Sons, Inc.* v. *Armstrong*, 125 Vt. 213, 215, 214 A.2d 70, 73 (1965)). Section 7032(a) imposes no requirement that the person still be "in execution" of the prior sentence, and lest we engage in unnecessary judicial legislation, we may not so hold. As we have consistently held, where the meaning of a statute is plain and unambiguous, we are required to enforce it according to its terms, without resort to statutory construction. *Marden* v. *Walton, supra,* 142 Vt. at 207, 455 A.2d at 322 (citing *Riddel* v. *Department of Employment Security*, 140 Vt. 82, 86, 436 A.2d 1086, 1088 (1981)).

Here, the plain language of § 7032(a) requires that the person have "been discharged from the former sentence." The manner in which one is "discharged" from a suspended sentence and probation is clearly set out in 28 V.S.A. §§ 251 and 255. Section 7032(a) must be read with reference to these statutes as parts of one system. *Emmons* v. *Emmons*, 141 Vt. 508, 512, 450 A.2d 1113, 1115 (1982) (citing *Villeneuve* v. *Town of Underhill*, 130 Vt. 446, 453, 296 A.2d 192, 197 (1972)). Read together, they permit a subsequent court, in its discretion, to impose a sentence consecutive to probation. Moreover, since any sentence reimposed upon revocation of probation may be ordered served prior to sentences for crimes postdating the original offense, this reading preserves the flexibility of the split sentence and the motivational utility of probationary release.

We therefore hold that unless probation has been terminated as outlined in 28 V.S.A. §§ 251 and 255 a probationer is not yet discharged from that prior sentence for the

purposes of 13 V.S.A. § 7032(a). Consequently, if the first two criteria of § 7032(a) are met, the sentencing court in its discretion may impose a sentence consecutive to probation. In addition, where, as here, the subsequent conviction results in revocation of probation, any reimposed sentence must be served prior to or concurrent with the later sentences.

In the case at bar, appellee had served the term of imprisonment imposed on his first felony conviction and was on probation when he was subsequently convicted of a second felony punishable by imprisonment. As he had not yet been discharged from the former sentences, the court properly exercised its discretion in ordering that his additional sentence for this later crime be served consecutive to the prior split sentences.

The superior court erred in ordering the Windsor District Court to issue an amended mittimus on Docket No. 1-1-81WrCr, excluding the requirement that the sentence be served consecutive to the sentences reimposed upon revocation of probation. We therefore strike that portion of the superior court's order, and reinstate the original mittimus of the Windsor District Court in Docket No. 1-1-81WrCr. The remaining, undisputed portions of the superior court's order are affirmed.

*Reversed in part, and affirmed in part.*