**STATE of Vermont v. Mildred I. PARAH**

[587 A.2d 403]

No. 89-367

January 11, 1991. Defendant appeals her conviction after trial by jury of operating a vehicle while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). We reverse and remand.

The State was allowed to introduce, over objection, defendant's .149% blood-alcohol-content (B.A.C.) test result without evidence relating the result back to the time of operation. Admission of a numerical test result without relation-back evidence is ordinarily reversible error. *State v. McQuillen*, 147 Vt. 386, 387–88, 518 A.2d 25, 26 (1986); *State v. Dumont*, 146 Vt. 252, 255, 499 A.2d 787, 789 (1985). The State attempts to avoid this line of cases by arguing that defendant's .149% B.A.C. test result was admissible pursuant to 23 V.S.A. § 1204(a)(4), which establishes a permissive inference that a person was in violation of § 1201(a)(2) if, at any time within two hours of the alleged offense, that person's B.A.C. test result was .15% or more. This argument is not persuasive, however, because the State has failed to show that the legislature, in specifying .15% as the threshold for § 1204(a)(4)'s permissive inference, meant to include .149%.

In so holding, we are mindful of our prior admonition that "[i]t is important that evidence of the numerical test result be treated with care in a prosecution under 23 V.S.A. § 1201(a)(2)." *McQuillen*, 147 Vt. at 387, 518 A.2d at 26. Further, we note that "a penal statute is to be interpreted favorably to the accused." *In re Hough*, 143 Vt. 15, 19, 458 A.2d 1134, 1136 (1983). Finally, we point the State to our prior disapproval of its argument that, because rounding off is the accepted practice of the Vermont Department of Health, the statute should be read to incorporate this practice. In *State v. Lamelle*, 133 Vt. 378, 381, 340 A.2d 49, 51 (1975) (dicta), we stated that "if the actual test established a level of less than .10% and a rounding-off would result to elevate it to the minimum, or more, of the level prohibited by the statute, this would indeed be prejudicial to the accused." Likewise, we reject the State's position here that defendant's B.A.C. test result should be rounded off to fall within § 1204(a)(4).

*Reversed and remanded.*